DOWNEY, Judge.
John and Pamela Korman, (Kormans) appeal from a final judgment awarding attorney’s fees to Appellee, Pond Apple Maintenance Association, Inc. (the Association) in *490 a suit to enforce condominium association rules and regulations against Korman.
The Kormans jointly owned a home in Vista Verde residential community. Mr. Korman owned a dog which the Kormans walked in the common areas of the community from time to time. The Association received many complaints about the dog’s behavior within Korman’s fenced yard and when outside thereof while being walked without a leash. Finally, the Association instituted a suit for injunction to restrain the Kormans from walking their dog on the common areas of the condominium without a leash and to exercise greater control of the dog in their own yard so as not to constitute a nuisance. The Association also sought costs and attorney’s fees, as did the Kormans.
The trial court entered the judgment appealed from generally in favor of the Association and specifically enjoining the Kor-mans from walking their dog on the common property of the condominium without a leash. The court also awarded costs and fees to the Association as the prevailing party. Injunctive relief was denied as to the dog’s activity within Korman’s fenced property since the court found from the evidence that Korman had rectified that situation. Pamela Korman’s request for attorney's fees was also denied.
We find substantial competent evidence in the record to support the trial court’s finding in all respects. Korman’s argument that the condominium documents did not contain any restrictions requiring a dog to be leashed is erroneous. The record reflects that the Association by proper rules and regulations adopted the Palm Beach County dog leash law which clearly prevents the walking of dogs on common condominium property without a leash. Furthermore, we do not find any fault with the trial judge’s conclusion as to Mrs. Kor-man’s defense of lack of ownership of the dog.
By cross appeal the Association takes issue with the trial court’s award of attorney’s fees which amounted to only one half as much as its uncontradicted expert testimony indicated was reasonable in this case. The Association also contends that the award is erroneous because the court failed to set forth specific findings to support the attorney’s fees award.
We agree with the Association that the trial court erred in not following Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), in that the court did not set forth specifically how it arrived at the attorney’s fee award. However, we reject the Association’s argument that the award is improper simply because it is not as much as the expert witness opined was reasonable. Rowe did not do away with the trial judge’s broad discretion in assessing attorney’s fees under the formula. As this court said in Shepherd v. Shepherd, 526 So.2d 95, 101 (Fla. 4th DCA 1987):
Rowe states the court should assume the fee will be paid irrespective of the result, and should take into account all the DR2-106 factors other than time and labor required, novelty or difficulty of question, result obtained, and whether the fee is fixed or contingent.... Had we affirmed across the board and given the broad discretion generally allowed the court in a dissolution case, we would have concluded that the trial court here applied these factors and acted within its discretion when it concluded the hourly rate should be less than that named by the expert and urged trial judges to include a short explanation in their orders of how they came to a lower hourly rate than that stated by the expert as appropriate, when they do so. This would facilitate determining whether the result was within their judicial discretion.
[Original emphasis].
Accordingly, we affirm the main appeal and reverse the cross appeal and remand the cause to the trial court with directions to set forth his reasons for the amount awarded as attorney’s fees pursuant to the directions contained in Rowe.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.